LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

GEREMIAS REYES and GUADALUPE HERNANDEZ,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

        Plaintiffs,

    v.

ALDO'S DELI & BAGELS CORP.
    d/b/a ALDO'S DELI,
ADAM'S DELI ON THE CORNER CORP.
    d/b/a ADAM'S DELI,
ADAM'S DELI ON THE CORNER II CORP.
    d/b/a ADAM'S DELI,
LAZARO HERRERA and
FRANCISCO MACARENO-VAZQUEZ,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Plaintiffs, GEREMIAS REYES and GUADALUPE HERNANDEZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, ALDO'S DELI & BAGELS CORP. d/b/a ALDO'S DELI, ADAM'S DELI ON THE CORNER CORP. d/b/a ADAM'S DELI, ADAM'S DELI ON THE CORNER II CORP. d/b/a ADAM'S DELI (together

1

the "Corporate Defendants"), LAZARO HERRERA and FRANCISCO MACARENO-VAZQUEZ (together the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages due to time shaving, (4) unpaid "spread of hours" premium, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, GEREMIAS REYES, is a resident of Kings County, New York. Plaintiff GUADALUPE HERNANDEZ is a resident of Kings County, New York.

6. The Defendants operate three delicatessens with addresses and trade names as follows:

    a. ALDO'S DELI & BAGELS CORP. - 906 Kings Highway, Brooklyn, NY 11417 ("Aldo's Deli");

    b. ADAM'S DELI ON THE CORNER CORP. - 525 Kings Highway, Brooklyn, NY 11223 ("Adam's Deli");

    c. ADAM'S DELI ON THE CORNER II CORP. - 121 Avenue S, Brooklyn, NY 11223 ("Adam's Deli");

(collectively, the "Delicatessens").

7. The Delicatessens operate as a single integrated enterprise. Specifically, the Delicatessens are engaged in related activities, share common ownership and have a common business purpose.

    a. The Delicatessens are commonly owned and operated by the Individual Defendants and by the Corporate Defendants.

    b. The Delicatessens are advertised as Mexican restaurants and share the near identical menu *(See Exhibit 1 – Delicatessens' Menus)*.

    c. Merchandise and employees are interchangeable amongst the Delicatessens.

8. Corporate Defendants:

(a) ALDO'S DELI & BAGELS CORP. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 906 Kings Highway, Brooklyn, NY 11417.

(b) ADAM'S DELI ON THE CORNER CORP. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 525 Kings Highway, Brooklyn, NY 11223.

(c) ADAM'S DELI ON THE CORNER II CORP. is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 121 Avenue S, Brooklyn, NY 11223.

9. Individual Defendants:

(a) Upon information and belief, LAZARO HERRERA is an owner, Chairperson and Chief Executive Officer of the Corporate Defendants. LAZARO HERRERA exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Delicatessens. At all times, employees could complain to LAZARO HERRERA directly regarding any of the terms of their employment, and LAZARO HERRERA would have the authority to effect any changes to the quality and terms of the employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. LAZARO HERRERA directly hired and terminated Plaintiff GUADALUPE HERNANDEZ.

(b) Upon information and belief, FRANCISCO MACARENO-VAZQUEZ is an owner, Chairperson and Chief Executive Officer of the Corporate Defendants. FRANCISCO MACARENO-VAZQUEZ exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the Delicatessens. At all times, employees could complain to FRANCISCO MACARENO-VAZQUEZ directly regarding any of the terms of their

4

employment, and FRANCISCO MACARENO-VAZQUEZ would have the authority to effect any changes to the quality and terms of the employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

10. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members were directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, cashiers, stock persons, general helpers, counter persons, cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) the proper minimum wage; and (ii) overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek; and (iii) the unpaid wages due to time shaving. Furthermore, a subclass of FLSA Collective Plaintiffs who were tipped employees comprised of employees including delivery persons (the "Tipped Subclass"), also suffered from Defendants' failure and refusal to pay them the proper minimum wage. With respect to the Tipped Subclass, Defendants were not entitled to take any tip credits under the FLSA,

5

because they failed to satisfy all statutory requirements for taking a tip credit. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including delivery persons, cashiers, stock persons, general helpers, counter persons, cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

6

Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. Plaintiffs GEREMIAS REYES and GUADALUPE HERNANDEZ are members of both the Class. The Class further includes a subclass of tipped employees comprised of employees including delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff GEREMIAS REYES is a member of the Tipped Subclass.

18. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the proper minimum wage, (ii) failing to pay overtime premium for hours worked in excess of 40 per workweek, (iii) failing to pay for off-the-clock wages due to time shaving, (iv) failing to pay "spread of hours" premium and (v) failing to provide proper wage notice and wage statements to employees. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

    d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

    e) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

    f) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

    g) Whether Defendants improperly paid Plaintiffs and Class members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

    h) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

    i) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law;

j) Weather Defendants properly compensated Plaintiffs and Class members for off-the-clock works under state and federal law; and

k) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law.

## STATEMENT OF FACTS

**Plaintiff GEREMIAS REYES**

23. On or around December 1, 2015, Plaintiff GEREMIAS REYES was hired by Defendants to work as a delivery person for the Delicatessen located at 906 Kings Highway, Brooklyn, NY 11417 ("Aldo's Deli"). Plaintiff GEREMIAS REYES's employment was terminated on January 7, 2017.

24. Throughout Plaintiff GEREMIAS REYES's employment with Defendants, his regular work schedule was seven days per week, from 6:00 a.m. to 11 p.m. on Saturday and Sunday, and from 6:00 a.m. to 4 p.m. on Monday, Tuesday, Wednesday, Thursday and Friday, for a total of 84 hours per week. Plaintiff GEREMIAS REYES and all non-exempt employees were not required to clock in or out. In addition, on a daily basis, Plaintiff GEREMIAS REYES had to work without any lunch break.

25. Throughout his entire employment, Plaintiff GEREMIAS REYES was paid a fixed salary of $400.00 per week. Plaintiff was paid in cash only and Defendants failed to provide Plaintiff GEREMIAS REYES with any paystubs. There was no agreement ever that the weekly fixed salary of $400.00 would cover any overtime hours worked by Plaintiff GEREMIAS REYES. Plaintiff GEREMIAS REYES was required to engage more than 20% of his working time in non-tipped related activities such as cooking, dish-washing and other non-tip related activities.

26. Other non-exempt employees, including delivery persons, worked similar hours, were similarly paid on a fixed salary basis, and were similarly not provided any paystubs.

**Plaintiff GUADALUPE HERNANDEZ**

27. In or around August 2016, Plaintiff GUADALUPE HERNANDEZ was hired by Defendants to work as a cashier for the Delicatessen located at 906 Kings Highway, Brooklyn, NY 11417 ("Aldo's Deli"). Plaintiff GUADALUPE HERNANDEZ's employment was terminated on February 20, 2017.

28. Throughout Plaintiff GUADALUPE HERNANDEZ's employment, she was regularly scheduled to work for five days per week, from 6:00 a.m. to 2:00 p.m., for a total of 40 hours per week. However, Plaintiff GUADALUPE HERNANDEZ was forced to stay past her scheduled shift for approximately 2 to 3 hours on a daily basis. As such, her regular work schedule was five days per week, from 6:00 a.m. to approximately 4:30 p.m., for a total of approximately 52.5 hours per week. Plaintiff GUADALUPE HERNANDEZ and all non-exempt employees were not required to clock in or out. In addition, on a daily basis, Plaintiff GUADALUPE HERNANDEZ had to work without any lunch break.

29. From in or about August 2016 until on or about December 31, 2016, Plaintiff GUADALUPE HERNANDEZ was paid a salary of $9 per hour. From on or about January 1, 2017 until on or about February 20, 2017, Plaintiff GUADALUPE HERNANDEZ was paid a salary of $10.5 per hour. Plaintiff was paid in cash only and Defendants failed to provide Plaintiff GUADALUPE HERNANDEZ with any paystubs.

30. At all relevant times, Defendants paid Plaintiffs, FLSA Collective Plaintiffs and Class members below the standard minimum wage.

31. Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

32. Plaintiffs, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded 10 hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

33. Defendants willfully violated Plaintiffs, FLSA Collective Plaintiffs and Class members' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff, FLSA Collective Plaintiffs and Class members are non-exempt employees who must be paid on an hourly basis.

34. Defendants failed to keep the proper employment records required under the FLSA and NYLL.

35. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members the Federal and State minimum wage for all hours worked.

36. Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

37. Defendants unlawfully failed to pay Plaintiffs and Class members the "spread of hours" premium.

38. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage notices or wage statements as required by NYLL. Defendants failed to provide Plaintiffs and Class members with paystubs to reflect their hours worked or hourly rate.

39. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE PLAINTIFFS

40. Plaintiffs reallege and reaver Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

44. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

45. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

46. At all relevant times, Defendants also engaged in a policy and practice of refusing to

pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

47. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages and unpaid off-the-clock wages plus an equal amount as liquidated damages.

51. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS**

52. Plaintiffs reallege and reaver Paragraphs 1 through 51 of this class and collective action Complaint as if fully set forth herein.

53. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

55. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56. Defendants willfully violated Plaintiffs' and Class members' rights by paying them on a fixed salary basis when Plaintiffs and Class members were non-exempt employees who should have been paid an hourly rate.

57. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them "spread of hour" premium for each workday worked in excess of 10 hours.

58. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them for all hours worked due to a policy of time-shaving.

59. Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

60. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the "spread of hours" premium required by state law.

61. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

62. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

63. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, unpaid off-the-clock wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid spread of hours premium due under the New York Labor Law;

f. An award of unpaid compensation due to a policy of time-shaving;

g. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

i.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage, compensation for all hours worked and spread of hours premium pursuant to the New York Labor Law;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.  Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiffs as Representatives of Class; and

n.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: July 14, 2017

          Respectfully submitted,

          LEE LITIGATION GROUP, PLLC
          C.K. Lee (CL 4086)
          Anne Seelig (AS 3976)
          30 East 39th Street, Second Floor
          New York, NY 10016
          Tel.: 212-465-1188
          Fax: 212-465-1181
          *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

          By:   */s/ C.K. Lee*
               C.K. Lee, Esq. (CL 4086)